Carmen CASTRO–VALDEZ, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 02–70156.

INS No. A71 583 587.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2003.[1]

Decided Feb. 11, 2003.

Before BROWNING, PREGERSON and REINHARDT, Circuit Judges.

## MEMORANDUM[2]

Petitioner Carmen Castro–Valdez petitions for review of the Board of Immigration Appeal's (BIA) decision to deny her application for asylum and withholding of deportation. The BIA found that petitioner did not meet her burden of proof for eligibility for asylum because she failed to establish past persecution or a well-founded fear of future persecution. The BIA also found that petitioner failed to establish that she was denied due process.

We have reviewed Castro–Valdez's claim for asylum, withholding of deportation and violation of due process. We are, however, precluded from granting the requested relief.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited in or by the courts of this circuit except as may be provided by NINTH CIRCUIT RULE 36–3.

An applicant is eligible for asylum if she establishes that she is unable or unwilling to return to the country of her nationality "because of persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership, or political opinion." 8 U.S.C. § 1101(a)(42)(a). We review the factual findings underlying the BIA's denial of asylum and withholding of deportation under the substantial evidence standard. *Cardenas v. INS*, 294 F.3d 1062, 1065 (9th Cir.2002). To reverse the decision of the BIA, a reasonable fact finder must be compelled to conclude that the requisite fear of persecution existed. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Whether an immigration proceeding violates due process is a legal issue and is reviewed *de novo*. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). The BIA's decision will be reversed on due process grounds if the proceeding is so fundamentally unfair that the person is prevented from reasonably presenting her case. *Id.* at 971.

Evidence presented at the deportation hearing supports the BIA's finding that petitioner did not establish past persecution or a well-founded fear of persecution. The evidence in the record would not compel a reasonable fact finder to conclude otherwise. Lastly, petitioner was not denied due process. She was given a full and fair hearing and was able to present testimony relevant to her petition.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

